IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-01522-WYD-MEH

BARBARA GREEN, individually and on behalf of all heirs as the surviving spouse of
   WILLIS C. GREEN, decedent;
STEPHEN GREEN, individually; and
RANDY GREEN, individually,

   Plaintiffs,

v.

JONATHAN S. POST;
PUEBLO COUNTY SHERIFF'S DEPARTMENT; and
THE COUNTY OF PUEBLO

   Defendants.

**ORDER**

I.   INTRODUCTION

THIS MATTER comes before the Court on Defendants' Motion to Dismiss Fourth, Fifth, Seventh, Eighth, and Ninth Claims for Relief, filed August 21, 2007. Defendants seek to dismiss the claims for failure to state a claim for relief under FED. R. CIV. P. 12(b)(6) and based on qualified immunity. A response was filed September 25, 2007.

By Order dated October 2, 2007, Defendants' motion to dismiss was converted to a motion for summary judgment and the parties were provided time to submit any additional materials to be considered in connection with the motion. A reply was filed on October 24, 2007, and supplemental briefing was filed by both parties in January

2008. For the reasons stated below, Defendants' Motion for Summary Judgment is granted in part and denied in part.

## II. BACKGROUND

This case arises from a collision on June 16, 2006 which caused the death of Willis C. Green when his vehicle was struck by a police vehicle driven by Defendant Deputy Jonathon Post ("Deputy Post"). Plaintiffs brought suit against Deputy Post, the Pueblo County Sheriff's Department, and the County of Pueblo alleging nine claims for relief: (1) state law wrongful death claim against Deputy Post; (2) state law negligence per se claim against Deputy Post; (3) respondeat superior claim against the Pueblo County Sheriff's Department; (4) state law negligence claim against the Pueblo County Sheriff's Department; (5) negligent hiring and supervision claim against the Pueblo County Sheriff's Department; (6) state law claim for willful and wanton conduct against Deputy Post; (7) claim against Deputy Post under 42 U.S.C. § 1983 for violation of Decedent's substantive due process rights; (8) claim under 42 U.S.C. § 1983 against the County of Pueblo; and (9) claim under 42 U.S.C. § 1983 against the Pueblo County Sheriff's Department and against the County of Pueblo for failure to train. Defendants have moved to dismiss the Fourth, Fifth, Seventh, Eighth, and Ninth Claims for Relief.

## III. FACTS

Construing the evidence in the light most favorable to the Plaintiffs, as I must for purposes of this motion, on June 16, 2006, Decedent Willis C. Green ("decedent") was killed when a police vehicle driven by Deputy Post struck his 1995 Kia. The decedent was attempting a left hand turn through the intersection of U.S. 50 and Morris Avenue

in Pueblo, Colorado. At the same time, Deputy Post was traveling through the intersection at a high rate of speed and without audible or visual signals while attempting to catch up to a vehicle suspected of driving away from a gas station without paying for approximately $30.00 worth of gasoline. Deputy Post, who had a red light, failed to yield the right of way and his vehicle collided with the decedent's upon entering the intersection. The decedent was ejected from his vehicle and ultimately died from injuries sustained in the crash. In his deposition, Deputy Post stated that he was not responding to an emergency situation, *see* Post Dep. at 52, Ex. 1 to Pls.' Supp. Reply in Supp. of Mot. to Dismiss, and was not in pursuit of the vehicle suspected of driving off without paying for gasoline, *see id.* at 55-56, but rather was merely attempting to "catch up" to the suspected violator of the law. *Id.* at 52. The suspected violator of the law was not exceeding the speed limit.

   III.   ANALYSIS

   A.   Summary Judgment Standard

As stated previously, pursuant to Rule 12(b), the Motion to Dismiss has been converted into a Motion for Summary Judgment because the parties relied on matters outside the pleadings. FED. R. CIV. P. 12(b); *Carter v. Stanton*, 405 U.S. 669, 671-72 (1972); *Smith v. Yellow Freight System, Inc.*, 536 F.2d 1320, 1321 (10th Cir. 1976). Summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

The burden of showing that no genuine issue of material fact exists is borne by the moving party. *E.E.O.C. v. Horizon/ MS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead bring forward "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In reviewing a summary judgment motion, the court must view the evidence in the light most favorable to the nonmoving party. *Anaya v. Crossroads Managed Care Systems, Inc.*, 195 F.3d 584, 590 (10th Cir. 1999). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

B. <u>Qualified Immunity of Deputy Post</u>

Turning to the merits of the Defendants' summary judgment motion, I first address the issue of qualified immunity. The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) held that government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known. *Harlow* places a presumption in favor of immunity of public officials acting in their individual capacities. *Schalk v. Gallemore*, 906 F.2d 491, 499 (10th Cir. 1990). Once the defense is raised by a defendant, the burden shifts to the

plaintiff to come forward with facts or allegations sufficient to show both "'that the defendant's actions violated a constitutional or statutory right'" and that the right at issue "was clearly established at the time of the defendant's unlawful conduct." *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (quotation omitted).

"[O]rdinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Medina v. City and County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992). "[T]he 'contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Snell v. Tunnell*, 920 F.2d 673, 696 (10th Cir. 1990) (quotation omitted). The burden is on the plaintiff to show that the law was clearly established at the time of the alleged violation. *Dixon v. Richer*, 922 F.2d 1456, 1460 (10th Cir. 1991). If the law is clearly established, the question becomes whether the defendant's conduct was objectively reasonable in light of the clearly established law. *Breidenbach v. Bolish*, 126 F.3d 1288, 1291 (10th Cir. 1997).

Under the foregoing analysis, I first must address whether Plaintiffs have presented facts or allegations sufficient to show that Defendants' actions violated a constitutional or statutory right. If he has made such a showing, I next must determine whether the right was clearly established at the time of Defendants' unlawful conduct. More specifically, in order to prevail on a § 1983 claim, a plaintiff must establish that the defendants acted under color of state law and that the defendants' actions deprived the plaintiff of some constitutional right. *Montgomery v. City of Ardmore*, 365 F.3d 926,

936 (10th Cir. 2004). The decedent's life is a clearly a constitutionally protected interest, *see Tennessee v. Garner*, 471 U.S. 1, 9 (1985), and it is undisputed that Defendants acted under color of law.

In order to prevail on a § 1983 claim that alleges a substantive due process violation of the Fourteenth Amendment, "the plaintiff must demonstrate that the defendant acted in a manner that shocks the conscience." *Radecki v. Barela*, 146 F.3d 1227, 1229 (10th Cir. 1998) (citing *Collins v. City of Harker Heights*, 503 US 115, 126 (1992)). The parties dispute the level of culpability that must be shown in order to satisfy the shocks-the-conscience standard. Plaintiffs have alleged that Deputy Post's conduct was deliberately indifferent and willful and wanton to the to the degree that it shocks the conscience.

Defendants urge that *Sacramento v. Lewis*, 523 U.S. 833 (1998) and its progeny require this Court to find that Plaintiffs must allege sufficient facts to show that Defendant Post acted with the intent to harm the decedent. Defendants point to several circuit cases which apply the *Lewis* intent to harm standard to all high speed pursuits, regardless of the level of emergency or the amount of time that the officer actually had to deliberate. *See e.g., Bingue v. Prunchak*, 512 F.3d 1169, 1170 (9th Cir. 2008)*; Meals v. City of Memphis*, 493 F.3d 720, 729 (6th Cir. 2007); *Graves v. Thomas*, 450 F.3d 1215, 1221 (10th Cir. 2006); *Helseth v. Burch*, 258 F.3d 867, 870-72 (8th Cir. 2001); *Trigalet v. City of Tulsa, Oklahoma*, 239 F.3d 1150, 1155 (10th Cir. 2001). Defendants further argue that dismissal is mandated under *Radecki v. Barela*, 146 F.3d

1227, 1230 (10th Cir. 1998), which purports to apply the *Lewis* intent to harm standard to all situations involving law enforcement deployed in emergency situations.

Plaintiffs argue that these cases are inapposite here because Deputy Post was not engaged in a high speed pursuit of the vehicle suspected of driving off without paying for gasoline and because Deputy Post was not responding to an emergency situation. Plaintiffs argue that they have sufficiently stated a due process violation by alleging that Deputy Post's actions were deliberately indifferent to the decedent and willful and wanton, so as to shock the conscience.

I agree that the Defendant's reliance on the "intent to harm" standard is misplaced. The Tenth Circuit has recognized that the level of culpability that must be shown under the shocks-the-conscience standard is difficult to define and requires an assessment of the "totality of the circumstances" of each particular case. *Williams v. City and County of Denver*, 99 F.3d 1009, 1015 (10th Cir. 1996), *vac'd*, 140 F.3d 855 (10th Cir. 1997). The Tenth Circuit found that deliberate indifference could be enough to shock the conscience when a police officer, responding to a non-emergency call for back up, accelerated through a red-light at excessive rates of speed while operating his emergency lights but without operating his siren or air horn. *Id.*

Though the Tenth Circuit vacated the *Williams* decision and remanded in light of *Lewis*, the district court found that summary judgment for defendants was inappropriate because a jury could find that the officer's deliberate indifference was conscious-shocking to give rise to a due process violation. *See Williams v. City and County of Denver*, ORDER AND MEMORANDUM OF DECISION, Civ. Act. No. 90 N 1176, at 14 (D.

Colo., Sept. 28, 1997). In his order, Judge Nottingham provided a thorough analysis of the *Lewis* decision and recognized that the *Lewis* court looked at the broad spectrum of culpability. *Id.* at 15. The *Lewis* court held that absent an opportunity to deliberate, "only conduct engaged in with an 'intent to harm' will rise to the level of conscience-shocking," but where the circumstances do provide the officer with an opportunity to deliberate, "deliberate indifference" could amount to conscience-shocking behavior. *Id.*, quoting *Lewis*, 118 S. Ct. at 1720.

As the Defendants point out, some circuits have since held that the "intent to harm" standard applies to *all* high speed pursuits, regardless of opportunity to deliberate. *See, E.g., Bingue*, 512 F.3d at 1170; *Helseth*, 258 F.3d at 870-72. Defendants also point out that the Tenth Circuit has held that the intent to harm standard applies any time law enforcement officials are responding to emergency situations. *Radecki*, 146 F.3d at 1230. However, Plaintiffs have alleged and brought forth specific evidence to create a genuine dispute as to whether Deputy Post was engaged in a high speed pursuit or responding to an emergency situation. It appears from his deposition that Deputy Post did not think that he was in pursuit of a vehicle or responding to an emergency situation. I therefore find that the Plaintiffs have brought forth sufficient evidence from which a jury could find that Deputy Post's conduct was deliberately indifferent to an extent which shocks the conscience.

I also find that the Decedent's right was clearly established at the time of Defendant Post's conduct. The Tenth Circuit's decision in *Williams* found that it could be conscious shocking where a decedent died after his vehicle was struck by a vehicle

driven by a police officer who sped through an intersection against a red light while operating his emergency lights but without using his siren while responding to a non-emergency call for back up. Though that decision was vacated and remanded to the District of Colorado in light of the *Lewis* decision, the district court essentially affirmed the Tenth Circuit's holding on remand. Like the Tenth Circuit, Judge Nottingham specifically found that a jury could find that the officer's conduct was conscious shocking and in violation of the decedent's due process rights. *Williams*, ORDER AND MEMORANDUM OF DECISION, at 16-17.

Taking the facts in the light most favorable to the Plaintiffs, Deputy Post's conduct was arguably more egregious than the officer's in *Williams*, because Deputy Post was not operating his overhead lights. I therefore find that Defendant Post is not entitled to dismissal on qualified immunity grounds because the Plaintiffs have alleged sufficient facts from which a jury could find that decedent's due process rights were violated, a right which was clearly established at the time of the collision on June 16, 2006.

    C.    <u>Dismissal of Plaintiffs' § 1983 Claims against Pueblo County and Pueblo County Sheriff's Department on the Grounds that there was No Constitutional Violation by Deputy Post</u>.

Defendants argue that the § 1983 claims against the Pueblo County Sheriff's Department and the County of Pueblo should be dismissed on the grounds that there was no constitutional violation by Deputy Post. I previously found, however, that Deputy Post is not entitled to summary judgment because Plaintiffs have sufficiently alleged a constitutional violation by Deputy Post and brought forth facts from which a

jury could find that Deputy Post's conduct violated a clearly established constitutional right that was established at the time of the collision. Accordingly, summary judgment for the Pueblo County Sheriff's Department and the County of Pueblo, on the grounds that there was no constitutional violation by Deputy Post, is also denied.

D. <u>Dismissal of Plaintiffs' Fourth and Fifth Claims for Relief</u>

Plaintiffs voluntarily withdrew the Fourth and Fifth claims for relief. Accordingly, those claims are dismissed and Defendants' motion is granted as to those claims.

E. <u>Dismissal of County of Pueblo on the Grounds that Plaintiffs failed to Properly Name the Party</u>.

The Parties do not dispute that Plaintiffs have failed to properly name the County of Pueblo as a party to this lawsuit. COLO. REV. STAT. § 30-11-105 provides the exclusive method by which jurisdiction over a county can be obtained: "In all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be, "The board of county commissioners of the county of . . . ." *See Calahan v. Jefferson County,* 429 P.2d 301, 302 (Colo. 1967).

While Plaintiffs have indicated their intent to seek leave to file an Amended Complaint to accurately name the County as a party, they have not yet done so. Accordingly, the County of Pueblo is dismissed as a party at this time.

F. <u>Dismissal of Pueblo County Sheriff's Department on the Grounds that it is Not a Proper Party</u>.

Defendants ask this Court to dismiss the Pueblo County Sheriff's Department on the grounds that it is not an entity subject to suit. Defendants point to several cases which hold that under § 1983, a city or county's police department is not an entity

-10-

subject to suit where the department is not a separate legal entity but rather is "merely a vehicle through which the city government fulfills its policing functions." *Boren v. City of Colorado Springs*, 624 F. Supp. 474, 479 (D. Colo. 1985); *see also Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991). Defendants also point to two unpublished Tenth Circuit decisions which upheld dismissal of a sheriff's department as a party. See Defs.' Mot. to Dismiss, at 3 (citing *Williamson v. Barnalillo County Sheriff's Dept.*, No. 97-2038, 1997 WL 575812 (10th Cir. 1997) and *Reid v. Hamby*, No. 95-7142, 1997 WL 537909 (10th Cir. 1997)). However, these cases have no precedential value. Furthermore, the *Williamson* court did not address the issue and the *Reid* court addressed the issue in the context of Oklahoma law. Nonetheless, the law seems clear that if the Sheriff's Department has no legal existence independent of the County of Pueblo, then it is not an entity subject to suit under § 1983. *See Stump*, 777 F. Supp. at 814-16.

However, the Defendants have not developed a factual basis to support their argument. Neither party has addressed the factual issue of whether the Sheriff's Department is an entity that legally exists independently of Pueblo County. Taking the facts in the light most favorable to the Plaintiffs, as I must in this converted Motion for Summary Judgment, I find that there is a genuine factual issue as to whether the Sheriff's Department has a legal existence independent of the County and therefore the Sheriff's Department will remain a party to the § 1983 claims at this time.

Furthermore, as to the Plaintiffs' state law claims against the Sheriff's Department, the Court is satisfied that the Sheriff's Department is an entity subject to

suit for the purposes of the Colorado Governmental Immunity Act (CGIA), C.R.S. § 24-10-103. *See Carothers v. Archuleta County Sheriff,* 159 P.3d 647, 654 (Colo. Ct. App. 2006); C.R.S. § 24-10-103(5) (defining "public entity"). Accordingly, the Pueblo County Sheriff's Department will also remain a party to this suit for the purposes of Plaintiffs' Third Claim for Relief, Respondeat Superior against the Sheriff's Department.[1]

IV. CONCLUSION

In conclusion, it is therefore

ORDERED that Defendants' Motion to Dismiss Fourth, Fifth, Seventh, Eighth, and Ninth Claims for Relief, converted to a Motion for Summary Judgment, is **GRANTED IN PART AND DENIED IN PART**. Specifically, it is

ORDERED that Defendants' motion is **GRANTED** with respect to Plaintiffs' Fourth and Fifth claims for relief and with respect to Defendant County of Pueblo. Defendants' motion is **DENIED** in all other respects.

Dated: March 14, 2008

                                            BY THE COURT:

                                            s/ Wiley Y. Daniel
                                            Wiley Y. Daniel
                                            U. S. District Judge

---

[1] Plaintiffs' other state law claims against the Sheriff's Department have been voluntarily dismissed.