IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01522-WYD-MEH

BARBARA GREEN, individually and on behalf of all heirs as the surviving spouse of
    WILLIS C. GREEN, decedent,
STEPHANIE GREEN, individually, and
RANDY GREEN, individually,

    Plaintiffs,

v.

JONATHAN S. POST, and
PUEBLO COUNTY SHERIFF'S DEPARTMENT,

    Defendants.

---

## ORDER ON DEFENDANTS' MOTION TO COMPEL

Defendants have filed a Motion to Compel (docket #44) concerning allegedly inadequate responses to discovery submitted by Plaintiffs. The matter is fully briefed[1] and has been referred to this Court (docket #45). Oral argument would not materially assist the Court in adjudicating the Motion. For the reasons stated below, the Court **grants in part and denies in part** the Motion to Compel.

**I.    Facts**

Defendant Post is an officer with the Pueblo County Sheriff's Department. On June 16, 2006, while in alleged pursuit of a vehicle that had driven away from a gas station without paying, Post struck Willis Green's vehicle, killing him.

---

[1] Plaintiffs did not accept the Court's invitation to file a sur-reply.

**II.     Discussion**

The Court will address the various requests in the Motion as enumerated in Defendants' Reply dated March 24, 2008 (docket #51).

**Plaintiff Stephen Green**

Interrogatory No. 8

The Court considers Defendants' Request for Admission No. 1 as admitted by Plaintiff Stephen Green. Thus, the Motion is moot as to Interrogatory No. 8 as acknowledged by Defendants.

Request for Production No. 1

The Motion is moot as to this Request based upon Plaintiff Stephen Green's admission as referenced above.

**Plaintiff Randy Green**

Interrogatory No. 8

The Court considers Defendants' Request for Admission No. 1 as admitted by Plaintiff Randy Green. Thus, the Motion is moot as to Interrogatory No. 8 as acknowledged by Defendants.

Request for Production No. 1

The Motion is moot as to this Request based upon Plaintiff Randy Green's admission as referenced above.

**Plaintiff Barbara Green**

Interrogatory No. 7

This Interrogatory seeks gross income information for the decedent from 2002 to 2006. Plaintiff does not object. The Motion is granted as to this Interrogatory.

Interrogatory No. 21

The Court considers Defendants' Request for Admission No. 1 as admitted by Plaintiff Barbara Green.  Thus, the Motion is moot as to Interrogatory No. 21 as acknowledged by Defendants.

Request for Production No. 1

The Court will grant this Request, which seeks birth certificates for the decedent and his children, as to which Plaintiff does not object.  If Plaintiff Barbara, Stephen or Randy Green cannot locate birth certificates, they should request replacements which, in the Court's experience, is neither a complicated nor time-consuming endeavor.

Request for Production No. 3

The Court will grant this Request, which seeks a copy of the decedent's driver's license, as to which Plaintiff does not object.  If Plaintiff cannot locate a driver's license, she should attempt to obtain a copy from the State of Colorado.

Request for Production No. 4

The Court will grant this Request, which seeks copies of the decedent's tax returns for the past five years, as to which Plaintiff does not object.  If Plaintiff cannot locate copies of the returns, she should cooperate with the Defendants' counsel in obtaining them from the respective taxing authorities.

Request for Production No. 6

The Court will grant this Request, which seeks copies of the probate documents relative to the decedent's estate, as to which Plaintiff does not object.  If Plaintiff cannot locate copies of the documents, she should cooperate with the Defendants' counsel in obtaining them from the relevant

jurisdiction.

Request for Production No. 7

The Court will grant this Request, which seeks copies of the decedent's life insurance policies, as to which Plaintiff does not object. The entire policy should be provided.

Request for Production No. 8

The Court will deny this Request as moot, given that Plaintiff Barbara Green has admitted that she does not seek emotional damages beyond the generic type.

Request for Production No. 9

The Court will grant this Request, which seeks a signed release for any criminal records of the decedent, as to which Plaintiff does not object.

Request for Production No. 10

The Court will grant this Request, which seeks a signed release for any medical (including psychiatric) records of the decedent, as to which Plaintiff does not object.

Request for Production No. 11

The Court will grant this Request, which seeks a signed release for any pharmacy records of the decedent, as to which Plaintiff does not object.

Request for Production No. 13

The Court will grant this Request, which seeks a signed release for any Social Security Administration records of the decedent, as to which Plaintiff does not object.

Request for Production No. 14

The Court will grant this Request, which seeks a signed and notarized release for any insurance records of the decedent, as to which Plaintiff does not object.

Request for Production No. 15

The Court will grant this Request, which seeks a signed and notarized release for any employment records of the decedent, as to which Plaintiff does not object.

Request for Production No. 17

The Court will grant this Request, which seeks copies of all documents relating to damages (if any), as to which Plaintiff does not object.

Request for Production No. 18

The Court will grant this Request, which seeks copies of documents evidencing health or life insurance for the decedent for the five years preceding death, as to which Plaintiff does not object.

Request for Production No. 19

The Court will grant this Request, which seeks copies of all documents identified in responses to interrogatories, as to which Plaintiff does not object.

All documents ordered produced must be completed by April 16, 2008; otherwise, Plaintiffs' counsel must provide a satisfactory, detailed explanation as to why this deadline cannot be met as to any particular item.

**III. Conclusion**

Accordingly, for the reasons stated above, it is hereby **ORDERED** that the Defendants' Motion to Compel (filed February 19, 2008; doc #44) is **granted in part** and **denied in part** as stated herein.

Dated at Denver, Colorado, this 3rd day of April, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge